James Y. Higa, State Bar No. 225683
Ronnie R. Gipson, Jr., State Bar No. 237673
HIGA & GIPSON, LLP
71 Stevenson Street, 4th Floor
San Francisco, California 94105
Telephone: (415) 655-6820
Facsimile: (415) 655-6821
higa@higagipsonllp.com

Attorneys for Defendant
SEAN KENSINGER

FILED
2011 FEB 24 P 1:50
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NJV

| | |
|---|---|
| SEAN KENSINGER,<br><br>Plaintiff<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL; PAUL CRAFT, individually and in his capacity as an officer for the California Highway Patrol, J. GOODWIN, individually and in his capacity as an officer for the California Highway Patrol, DOES 1-20, inclusive,<br><br>Defendants | No. CV 11 0885<br><br>**PLAINTIFF SEAN KENSINGER'S COMPLAINT FOR DAMAGES (Violation of Civil Rights, 42 U.S.C. § 1983)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff SEAN KENSINGER alleges as follows:

**JURISDICTION AND VENUE**

1. This complaint alleges violations of the constitutional rights of Plaintiff SEAN KENSINGER. This complaint seeks redress and remedies pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred upon this Court by the authority set forth in 28 U.S.C. §§ 1331, 1343.

///

///

///

## INTERDISTRICT ASSIGNMENT

2. The acts and/or omissions giving rise to Plaintiff's claims occurred within and about the city of Eureka, Humboldt County, California. Accordingly, venue is proper in the Northern District of California, San Francisco or Oakland, pursuant to Local Rule 3-2(d).

## PARTIES

3. Plaintiff SEAN KENSINGER is and was, at all relevant times, a resident of California. Plaintiff was detained and arrested by Defendant California Highway Patrol Officers PAUL CRAFT and J. GOODWIN on December 5, 2009. During the detention and arrest, one or both of the aforementioned officers struck Plaintiff numerous times in his left elbow and arm with a service baton without justification or necessity. Prior to the baton strikes, Plaintiff demonstrated complete compliance with each of the officers' orders. Plaintiff suffered serious injury to his left elbow and arm as a result.

4. Defendant CALIFORNIA HIGHWAY PATROL was at all times mentioned herein a state agency duly organized and existing under the laws of the State of California.

5. Defendant PAUL CRAFT (hereinafter Defendant CRAFT), was at all times mentioned herein, an officer for Defendant CALIFORNIA HIGHWAY PATROL, Humboldt CHP Division, and is sued herein in his individual and official capacities.

6. Defendant J. GOODWIN (hereinafter Defendant GOODWIN), was at all times mentioned herein, an officer for Defendant CALIFORNIA HIGHWAY PATROL, Humboldt CHP division, and is sued herein in his individual and official capacities.

7. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1-20, inclusive. Therefore, Plaintiff sues said defendants, and each of them, by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the DOE defendants is legally responsible and liable for the subject incident, injuries and damages hereinafter set forth. Further, Plaintiff is informed and believes and thereon alleges that each of said DOE defendants proximately caused the subject incident, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, battery, violation

of constitutional rights, violation of public policy, or by reason of other personal, vicarious or imputed negligence, fault or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will seek leave to amend this Complaint to add further allegations when such facts are ascertained.

8. In committing the acts alleged herein, Defendants CRAFT and GOODWIN, and each of them, acted within the course and scope of their employment with Defendant CALIFORNIA HIGHWAY PATROL.

9. In committing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

10. In committing the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of the other Defendants identified herein.

**STATEMENT OF FACTS**

11. On December 5, 2009, Defendant CALIFORNIA HIGHWAY PATROL officers, Defendants CRAFT, GOODWIN and DOES 1-10, and/or each of them, used excessive and unnecessary force in detaining and arresting Plaintiff SEAN KENSINGER (hereinafter "Plaintiff"), following a vehicle stop in the vicinity of W Street and 2nd Street, Eureka, California.

12. On that date, Plaintiff and two friends had driven to the vicinity of W Street and 2nd Street, Eureka, California, and had lawfully parked their vehicle, a Nissan Titan pickup truck. Plaintiff and his friends stopped and parked in order to have a conversation about their plans for the evening.

13. While Plaintiff and his friends were parked and engaged in conversation, Plaintiff is informed and believes, and thereon alleges, that Defendants CRAFT and GOODWIN, and/or each of them, pulled up behind their parked truck in a marked California Highway Patrol vehicle. Upon his arrival, Defendants CRAFT and GOODWIN, and/or each of them, burst from the patrol vehicle and immediately ordered Plaintiff and his friends out of their truck,

commanding them to sit on the curb. Plaintiff and one friend complied immediately without any resistance or delay whatsoever. Plaintiff's other friend, the backseat passenger in Plaintiff's truck, could not immediately comply because he was unable to open the truck door from his position in the rear of the truck's passenger compartment. This appeared to further infuriate Defendants CRAFT and GOODWIN, and/or each of them.

14. Once Plaintiff and both friends were seated at the curb, Defendants CRAFT and GOODWIN, and/or each of them, ordered Plaintiff to walk to the front of the patrol vehicle and "assume the position." Plaintiff walked to the front of the patrol vehicle without resistance or delay, and placed his hands on the patrol vehicle's hood. However, once Plaintiff did so, Defendants CRAFT and GOODWIN, and/or each of them, changed their orders and barked at Plaintiff to turn around and place his hands behind his back. Plaintiff immediately complied, again without resistance or delay. Nonetheless, Defendants CRAFT, GOODWIN and DOES 1-10, and/or each of them, swung at and struck Plaintiff at least two times in his left arm with a service baton, causing Plaintiff to immediately fall to his knees and onto his stomach. Immediately thereafter, Defendants CRAFT, GOODWIN and DOES 1-10, and/or each of them, subsequently kicked Plaintiff while on the ground in the right side of his torso before placing him in handcuffs.

15. After Plaintiff had been assaulted, battered, beaten and left on the ground by Defendants CRAFT, GOODWIN and DOES 1-10, and/or each of them, Plaintiff observed Defendants CRAFT, GOODWIN and DOES 1-10, and/or each of them, attack one of his friends with a taser while that friend's hands were behind his back in apparent compliance with the officers' orders.

16. At no time during Plaintiff's detention did he resist, obstruct or delay the investigation of Defendants CRAFT, GOODWIN and DOES 1-10, and/or each of them, and at no time did Plaintiff pose any kind of threat of force or bodily injury to said officers and Defendants.

17. At all times herein mentioned, Defendants CRAFT, GOODWIN and DOES 1-10, and/or each of them, acted within the course and scope of their employment with Defendant

CALIFORNIA HIGHWAY PATROL, and furthermore, acted under color of law.

18. Plaintiff is informed and believes and thereon alleges that the use of force deployed by Defendants CRAFT, GOODWIN and DOES 1-10, and/or each of them, constituted the use of unreasonable, unnecessary and excessive force and brutality in violation of Plaintiff's Fourth Amendment rights under the United States Constitution.

19. Plaintiff is further informed, believes, and thereon alleges that he suffered the violation of his constitutional rights as a result of the customs, policies, and/or practices of Defendant CALIFORNIA HIGHWAY PATROL and/or DOES 11-20, and/or each of them, individually and/or while acting in concert with one another. Specifically, Plaintiff alleges such customs, policies and/or practices include, but are not limited to, the encouragement, ratification or authorization of the use of excessive force which foreseeably resulted in the violation of Plaintiff's rights; inadequate and/or inappropriate training in the appropriate use of force and/or in the handling of situations such as occurred in this case; improper conduct of searches and seizures in violation of the United States Constitution; inadequate and/or inappropriate supervision, control and/or discipline with respect to the use of force; and any other customs, policies and/or practices that caused and/or contributed to the violation of Plaintiff's constitutional rights in this case subject to ongoing discovery and investigation.

20. Plaintiff is further informed, believes, and thereon alleges that Defendant CALIFORNIA HIGHWAY PATROL and/or DOES 11-20, and/or each of them, tacitly or directly ratified, approved, and/or condoned the excessive use of force applied to Plaintiff and/or the violation of Plaintiff's constitutional rights and additionally failed to take any appropriate remedial action in response to this incident despite Plaintiff's injuries.

21. Plaintiff is further informed, believes and thereon alleges that prior to the subject incident, Defendant CALIFORNIA HIGHWAY PATROL and/or DOES 11-20 and/or each of them, knew, or reasonably should have known, that Defendants CRAFT, GOODWIN and/or DOES 1-10, and/or each of them, lacked appropriate and/or sufficient training and/or supervision in the use of force, vehicle stops, non-compliant or resistive suspects, and/or in responding to incidents such as that which occurred in this case, and that Defendant

CALIFORNIA HIGHWAY PATROL and/or DOES 11-20, and/or each of them, were deliberately indifferent to the need to provide more or different training, policies, and/or supervision to the aforementioned officers.

**STATEMENT OF DAMAGES**

22. As a result of the subject incident, Plaintiff has sustained damages, and will sustain damages in the future, including, but not limited to, physical injuries, past/present/future wage loss and emotional distress in amounts to be determined according to proof.

23. Plaintiff is informed and believe and thereon alleges that the acts and/or omissions of Defendants CRAFT, GOODWIN and/or DOES 1-10, and/or each of them, were, or may have been, intentional, malicious, oppressive, and/or done with a conscious or callous disregard for the safety and/or constitutional rights of Plaintiff, which may thereby justify and award of punitive or exemplary damages in amounts to be determined according to proof.

24. Plaintiff will also be entitled to an award of attorney's fees and/or costs pursuant to statute in the event he is the prevailing party in this action under the authority set forth in 42 U.S.C. §§ 1983, 1988.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**(42 U.S.C. §§ 1983)**
**(Against Defendants CRAFT, GOODWIN, and/or DOES 1-10)**

25. Plaintiff incorporates herein by reference and realleges his allegations contained in paragraphs 1 through 24 as previously set forth.

26. In doing the acts complained of herein, Defendants CRAFT, GOODWIN and/or DOES 1-10, and/or each of them, individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to, the right to be free from unreasonable searches and/or seizures and the right to be free from excessive force and brutality.

27. Such rights are substantive guarantees under the Fourth Amendment of the United States Constitution.

28. As a result of the violation of Plaintiff's constitutional rights as set forth herein, Plaintiff has sustained damages, and will sustain damages in the future, including, but not limited to, physical injuries, past/present/future wage loss and emotional distress in amounts to be determined according to proof.

29. Plaintiff is informed and believe and thereon alleges that the acts and/or omissions of Defendants CRAFT, GOODWIN and/or DOES 1-10, and/or each of them, were, or may have been, intentional, malicious, oppressive, and/or done with a conscious or callous disregard for the safety and/or constitutional rights of Plaintiff, which may thereby justify and award of punitive or exemplary damages in amounts to be determined according to proof.

30. Plaintiff will also be entitled to an award of attorney's fees and/or costs pursuant to statute in the event he is the prevailing party in this action under the authority set forth in 42 U.S.C. §§ 1983, 1988.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. §§ 1983)**
**(Against Defendants CALIFORNIA HIGHWAY PATROL and DOES 11-20)**

31. Plaintiff incorporates herein by reference and realleges his allegations contained in paragraphs 1 through 30 as previously set forth.

32. As against Defendants CALIFORNIA HIGHWAY PATROL and/or DOES 11-20, Plaintiff alleges that the violation of his constitutional rights as alleged herein was caused as a result of customs, policies and/or practices of Defendant CALIFORNIA HIGHWAY PATROL and/or DOES 11-20, and/or each of them. In doing the acts complained of herein, Defendants CRAFT, GOODWIN and/or DOES 1-10, and/or each of them, individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to, the right to be free from unreasonable searches and/or seizures and the right to be free from excessive force and brutality.

33. Plaintiff is informed and believes and thereon alleges that prior to the subject incident, Defendant CALIFORNIA HIGHWAY PATROL and/or DOES 11-20, and/or each of them, were on actual notice of the customs, policies, patterns and practices by members of the

CALIFORNIA HIGHWAY PATROL, including, but not limited to, unreasonable seizures and the use of excessive and unjustified force in violation of the constitutional rights of citizens.

34. Plaintiff is informed and believes and thereon alleges that despite such notice, Defendant CALIFORNIA HIGHWAY PATROL and/or DOES 11-20, and/or each of them, failed to take any or appropriate remedial action to prevent ongoing violations of the rights of citizens by members of the CALIFORNIA HIGHWAY PATROL involving unreasonable seizures and the use of excessive and unjustified force in violation of the constitutional rights of citizens.

35. Plaintiff is informed and believe and thereon alleges that prior to the subject incident, Defendant CALIFORNIA HIGHWAY PATROL and/or DOES 11-20, and/or each of them, knew, and/or reasonably should have known, that Defendants CRAFT, GOODWIN and/or DOES 1-10, and/or each of them, required additional and/or different training, supervision and/or discipline in unreasonable seizures and the use of excessive and unjustified force in violation of the constitutional rights of citizens. Plaintiff is informed and believes and thereon alleges that Defendant CALIFORNIA HIGHWAY PATROL and/or DOES 11-20 failed to provide any or adequate training, supervision, and/or discipline prior to the subject incident and/or were deliberately indifferent to the need for more and/or different training, supervision, discipline and/or policies relating to unreasonable seizures and the use of excessive and unjustified force prior to the subject incident.

36. Plaintiff is informed and believes and thereon alleges that Defendant CALIFORNIA HIGHWAY PATROL and/or DOES 11-20, and/or each of them, ratified, approved and/or condoned the violation of Plaintiff's constitutional rights as alleged herein, and, as of the date of this Complaint, have failed to take any remedial action as a result of the subject incident.

37. As a result of the aforementioned customs, policies, practices and/or ratification of constitutional violations by Defendant CALIFORNIA HIGHWAY PATROL and/or DOES 11-20, as alleged herein, Plaintiff has suffered violations of his own constitutional rights, including, but not limited to, the right to be free from unreasonable seizures and the right to be

free from the excessive and unjustified use of force.

38. As a result of the violation of Plaintiff's constitutional rights as set forth herein, Plaintiff has sustained damages, and will sustain damages in the future, including, but not limited to, physical injuries, past/present/future wage loss and emotional distress in amounts to be determined according to proof.

39. Plaintiff will also be entitled to an award of attorney's fees and/or costs pursuant to statute in the event he is the prevailing party in this action under the authority set forth in 42 U.S.C. §§ 1983, 1988.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(Cal. Civ. Code § 52.1)**
**(Against Defendants CRAFT, GOODWIN, and/or DOES 1-10)**

40. Plaintiff incorporates herein by reference and realleges his allegations contained in paragraphs 1 through 39 as previously set forth.

41. The acts and/or omissions of Defendants CRAFT, GOODWIN and/or DOES 1-10, and/or each of them, as described herein, interfered with Plaintiff's exercise and enjoyment of his civil rights though their use of unreasonable, wrongful and excessive force in violation of Cal. Civ. Code § 52.1.

42. As a direct and proximate result of the violations of Cal. Civ. Code § 52.1 committed by Defendants CRAFT, GOODWIN and/or DOES 1-10, and/or each of them, as described herein, Plaintiff has suffered specific violations of his own constitutional rights, including, but not limited to, the right to be free from unreasonable seizures and the right to be free from the excessive and unjustified use of force.

43. As a result of the violation of Plaintiff's constitutional rights as set forth herein, Plaintiff has sustained damages, and will sustain damages in the future, including, but not limited to, physical injuries, past/present/future wage loss and emotional distress in amounts to be determined according to proof.

44. Plaintiff will also be entitled to an award of attorney's fees and/or costs pursuant to statute in the event he is the prevailing party in this action under the authority set forth in Cal.

Civ. Code § 52.1(h).

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Assault)**
**(Against Defendants CRAFT, GOODWIN, and/or DOES 1-10)**

45. Plaintiff incorporates herein by reference and realleges his allegations contained in paragraphs 1 through 44 as previously set forth.

46. Defendants CRAFT, GOODWIN and/or DOES 1-10, and/or each of them, as described herein, placed Plaintiff in immediate fear of severe bodily harm though their use of unreasonable, wrongful and excessive force during the subject incident. Said Defendants physically seized and battered Plaintiff without any just provocation or cause.

47. Plaintiff did not consent to the offensive contact and excessive force applied by Defendants CRAFT, GOODWIN and/or DOES 1-10, and/or each of them, whose acts and/or omissions were neither privileged nor justified under statutory or common law authority.

48. As a result of the acts and/or omissions of Defendants CRAFT, GOODWIN and/or DOES 1-10, and/or each of them, Plaintiff has sustained damages, and will sustain damages in the future, including, but not limited to, physical injuries, past/present/future wage loss and emotional distress in amounts to be determined according to proof.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Battery)**
**(Against Defendants CRAFT, GOODWIN, and/or DOES 1-10)**

49. Plaintiff incorporates herein by reference and realleges his allegations contained in paragraphs 1 through 48 as previously set forth.

50. Defendants CRAFT, GOODWIN and/or DOES 1-10, and/or each of them, as described herein, caused an unwanted, harmful and offensive touching of Plaintiff's person though their use of unreasonable, wrongful and excessive force during the subject incident.

51. Plaintiff did not consent to the offensive contact and excessive force applied by Defendants CRAFT, GOODWIN and/or DOES 1-10, and/or each of them, whose acts and/or omissions were neither privileged nor justified under statutory or common law authority.

52. As a result of the acts and/or omissions of Defendants CRAFT, GOODWIN and/or DOES 1-10, and/or each of them, Plaintiff has sustained damages, and will sustain damages in the future, including, but not limited to, physical injuries, past/present/future wage loss and emotional distress in amounts to be determined according to proof.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**
**(Against Defendants CRAFT, GOODWIN, and/or DOES 1-10)**

53. Plaintiff incorporates herein by reference and realleges his allegations contained in paragraphs 1 through 52 as previously set forth.

54. Defendants CRAFT, GOODWIN and/or DOES 1-10, and/or each of them, as described herein, committed acts and/or omissions that were extreme, outrageous, willful and done with the intent to inflict, or with reckless disregard for the probability of causing, severe mental and emotional distress.

55. As an actual and proximate result of the acts and/or omissions of Defendants CRAFT, GOODWIN and/or DOES 1-10, and/or each of them, as described herein, Plaintiff has suffered severe emotional suffering and distress.

56. Plaintiff is informed and believe and thereon alleges that the acts and/or omissions of Defendants CRAFT, GOODWIN and/or DOES 1-10, and/or each of them, were, or may have been, intentional, malicious, oppressive, and/or done with a conscious or callous disregard for the safety and/or constitutional rights of Plaintiff, which may thereby justify and award of punitive or exemplary damages in amounts to be determined according to proof

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
**(Negligence)**
**(Against Defendants CRAFT, GOODWIN, and/or DOES 1-10)**

57. Plaintiff incorporates herein by reference and realleges his allegations contained in paragraphs 1 through 56 as previously set forth, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton and oppressive conduct by Defendants CRAFT, GOODWIN and/or DOES 1-10, and/or each of them, and any all allegations requesting

punitive damages.

58. Defendants CRAFT, GOODWIN and/or DOES 1-10, and/or each of them, as described herein, were subject to a duty of care to avoid causing unnecessary and unwarranted physical harm and emotional distress to citizens while under color of authority and performing their police function. In committing the acts and/or omissions described herein, Defendants CRAFT, GOODWIN and/or DOES 1-10, and/or each of them, failed to comply with the applicable standard of care by acting unreasonably, such unreasonable behavior proximately causing Plaintiff to suffer physical harm and severe mental and emotional distress.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth

## COMPLIANCE WITH TORT CLAIM REQUIREMENT

59. Pursuant to the California Tort Claims Act, Plaintiff timely presented a tort claim with the California Victim Compensation and Government Claims Board, which was rejected by the same agency.

## JURY TRIAL DEMAND

60. Plaintiff hereby demands a jury trial.

## PRAYER

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. General damages in an amount according to proof at trial;

2. Special damages, including but not limited to physical injuries, past/present/future wage loss and emotional distress in amounts according to proof at trial;

3. Punitive and exemplary damages in amounts according to proof at trial against Defendants CRAFT, GOODWIN and/or DOES 1-10, and/or each of them;

4. Civil penalty of $25,000.00 for each violation of Cal. Civ. Code § 52.1(b) according to proof at trial;

5. Reasonable attorney's fees pursuant to Cal. Civ. Code § 52.1(b) and 42 U.S.C. § 1988;

6. Costs of suit incurred herein;

7. Such other and further relief as the Court deems just and proper.

DATED: February 24, 2011

HIGA & GIPSON, LLP

By ______________________

JAMES Y. HIGA
Attorneys for PLAINTIFF
SEAN KENSINGER