KAMALA D. HARRIS
Attorney General of California
JOHN P. DEVINE
Supervising Deputy Attorney General
AMY W. LO (SBN 194308)
HARRY T. GOWER, III (SBN 170784)
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5524
  Fax: (415) 703-1234
  E-mail: Amy.Lo@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN KENSINGER,<br><br>                 Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>                 Defendants. | C 11-00885<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 1: TO EXCLUDE EVIDENCE OF THE RESULTS OF PLAINTIFF'S CRIMINAL TRIAL**<br><br>Trial Date: June 25, 2012<br>Courtroom: 8 (19th Floor)<br>Judge: Honorable William Alsup |

**PRELIMINARY STATEMENT**

Plaintiff was arrested on December 5, 2009, for driving under the influence of alcohol (Cal. Veh. Code § 23152(b)) and for reckless driving (Cal. Veh. Code § 23103). The Humboldt County District Attorney prosecuted Plaintiff for these crimes. Defendants CHP Officers Craft and Goodwin testified at the criminal trial. After the jury hung on the charges, Plaintiff pled no contest to the reckless driving charge and was subsequently convicted of that charge on August 22, 2011. The District Attorney dismissed the charge of driving under the influence.

///

///

1

## ANALYSIS

Evidence of the disposition of Plaintiff's post-arrest criminal prosecution is not relevant to his claim for excessive force, is more prejudicial than probative and is also inadmissible hearsay.

### I. EVIDENCE OF THE DISPOSITION OF PLAINTIFF'S CRIMINAL ACTION IS IRRELEVANT AND INADMISSIBLE.

Evidence of the disposition of Plaintiff's criminal action is not probative of any issue related to his claims for excessive force and is inadmissible. Fed. R. Evid. 401, 402.

In Plaintiff's criminal action, the jury did not convict him, but rather hung. Plaintiff pled nolo contendere to, and was convicted of, the charge of reckless driving. The District Attorney then dismissed the charge of driving under the influence.

But that did not prove Plaintiff's innocence, or anything else; it only proved that the prosecutor did not meet the high burden of proof required in a criminal action. *See Heath v. Cast*, 813 F.2d 254, 260 (9th Cir.), *cert. denied*, 484 U.S. 849 (1987) (dismissal of a criminal charge did not establish the plaintiff's "innocence nor was it probative of whether the officers acted with probable cause or used excessive force in effecting arrest"); *cf. United States v. Gricco*, 277 F.3d 339, 352 (3rd Cir. 2002) ("Judgments of acquittal, however, are still inadmissible in large part because they may not present a determination of innocence, but rather only a decision that the prosecution has not met its burden of proof beyond a reasonable doubt"); *Borunda v. Richmond*, 885 F.2d 1384, 1387 (9th Cir. 1988) ("Evidence of an acquittal is not generally admissible in a subsequent civil action...since it constitutes a negative sort of conclusion lodged in a finding of failure of the prosecution to sustain the burden of proof beyond a reasonable doubt."

Accordingly, evidence of the disposition of Plaintiff's criminal action is irrelevant and should be excluded.

### II. EVIDENCE OF THE DISPOSITION OF PLAINTIFF'S CRIMINAL ACTION IS MORE PREJUDICIAL THAN PROBATIVE

Even if this Court finds that such evidence is marginally relevant to Plaintiff's claims, this Court should also find that the probative value of the evidence "is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the

jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### III. EVIDENCE OF THE DISPOSITION OF PLAINTIFF'S CRIMINAL ACTION IS INADMISSIBLE HEARSAY

Finally, evidence of the disposition of Plaintiff's criminal trial is also hearsay and may be excluded on that ground as well. Fed. R. Evid. 802.

### CONCLUSION

Evidence of the disposition of the criminal prosecution of Plaintiff should be excluded at trial because it is not relevant, it is prejudicial and it is inadmissible hearsay.

Dated: May 29, 2012

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
JOHN P. DEVINE
Supervising Deputy Attorney General


       /s/ AMY W. LO
AMY W. LO
Deputy Attorney General
*Attorneys for Defendants*

## DECLARATION OF SERVICE BY FACSIMILE

Case Name:   **Sean Kensinger v. CHP et.al.**

No.:   **C 11-00885**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business. My facsimile machine telephone number is (415) 703-5480.

On May 29, 2012 at <u>4:46 PM</u>., I served the attached **DEFENDANTS' MOTION IN LIMINE NO. 1: TO EXCLUDE EVIDENCE OF THE RESULTS OF PLAINTIFF'S CRIMINAL TRIAL** by transmitting a true copy by facsimile machine, pursuant to California Rules of Court, rule 2.306. The facsimile machine I used complied with Rule 2.306, and no error was reported by the machine.

James Y. Higa
HIGA & GIPSON, LLP
55 New Montgomery Street, Suite 510
San Francisco, CA 94105
**Fax: (415) 692-6522**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on May 29, 2012, at San Francisco, California.

|  Nancy Quach  |  *[signature]*  |
|---|---|
|  Declarant  |  Signature  |

OK2011900202
40549352.doc

James Y. Higa, State Bar No. 225683
Ronnie R. Gipson Jr., State Bar No. 237673
HIGA & GIPSON, LLP
55 New Montgomery Street, Suite 510
San Francisco, California 94105
Telephone:   (415) 692-6520
Facsimile:    (415) 692-6522
gipson@higagipsonllp.com

Attorneys for Plaintiff SEAN KENSINGER

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN KENSINGER,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, PAUL CRAFT, AND J. GOODWIN, and DOES 1-20 inclusive,<br><br>Defendants | No. CV 11-00885 WHA<br><br>**PLAINTIFF SEAN KENSINGER'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF RESULTS OF PLAINTIFF'S CRIMINAL TRIAL**<br><br>Date:<br>Time:<br>Dept.: |

## I. INTRODUCTION

Plaintiff Kensinger submits the following opposition to Defendant's Motion in Limine No. 1 to exclude evidence of the results of the Plaintiff's Criminal Trial. Defendant seeks to exclude reference to the outcome of Plaintiff's criminal trial in relation to the December 5, 2009 arrest by the California Highway Patrol ("CHP") on the basis that the outcome of the criminal trial is not relevant and is more prejudicial than probative per Federal Rules of Evidence Rule 403. In response to this argument, Plaintiff Kensinger contends that the reference to the outcome of the criminal trial is relevant and necessary for the determination of factual issues to be presented before the jury per Federal Rules of Evidence Rule 402.

## II. ANALYSIS

**A. In Determining Whether Officer Craft Used Excessive Force, the Jury Must Consider the Severity of the Crimes. The Outcome of the DUI Charge is Relevant to this Case.**

"All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme court pursuant to statutory authority. Evidence which is not relevant is not admissible." Fed. R. Evid. 402 (WEST 2012). Relevant evidence consists of "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Millenkamp v. Davisco Foods Intern., Inc.*, 562 F.3d 971, 980 (9th Cir. 2009). Conversely, "[e]vidence is considered irrelevant if it fails to make any fact of consequence more or less probable." *McKinney v. Rees*, 993 F.2d 1378, 1380 (9th Cir. 1993).

In evaluating Defendant Craft's actions as to whether or not they were reasonable under the circumstances, per the 9th Circuit jury instruction on 4th Amendment Excessive Force Claims, one of the components that the jury must consider is the severity of the alleged crime that was in Officer Craft's mind when he arrested Plaintiff Kensinger to determine if the force applied was excessive. Here, the jury will be told by Defendant Craft, by Plaintiff Sean Kensinger, and by witness Justin Collins that Plaintiff Kensinger was arrested on suspicion of driving under the influence (DUI). To justify his actions during the arrest, Defendant Craft will contend that the steps undertaken to affect the arrest were supported by the BAC test results taken later at the police station resulted in 0.22 and 0.20 readings respectively. Without presenting to the jury that ultimately Plaintiff Kensinger was not convicted of DUI but that he entered a plea of nolo contendre to a lesser charge would allow the jury to evaluate the severity of the alleged crime out of context and it would serve to mislead the jury to draw inferences prejudicial against Plaintiff Kensinger. Namely, the jury could reasonably and improperly conclude that Plaintiff Kensinger was convicted of the driving under the influence charge and hold that false conclusion against him in deliberating about the merits of the excessive force claim.

1  The outcome of the criminal trial is relevant to the issues in this proceeding because the
2  outcome answers the pivotal question in the mind of the jury, "What happened with the criminal
3  charge?" Defendant Craft seeks such a broad exclusion of factual events under the misguided
4  notion that Plaintiff Kensinger wants to re-litigate his guilt or innocence on the criminal charge,
5  which is incorrect. On the contrary, the exclusion of the outcome of the criminal case allows
6  and encourages the jury to reach the conclusion that Plaintiff Kensinger was convicted of the
7  DUI charge. Defendant Craft can avoid confusing the issues with an instruction to the jury
8  cautioning them against using the outcome of the criminal trial as a basis for reaching a
9  conclusion on the issues in the civil case.

### III.  CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny Defendant Craft's Motion in Limine No. 1 to exclude evidence regarding the outcome of Plaintiff's criminal trial.

DATED: June 6, 2012                    HIGA & GIPSON, LLP


                                       By _____
                                       RONNIE R. GIPSON JR.
                                       Attorneys for Plaintiff
                                       SEAN KENSINGER