Kamala D. Harris
Attorney General of California
John P. Devine
Supervising Deputy Attorney General
Amy W. Lo (SBN 194308)
Harry T. Gower, III (SBN 170784)
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5524
  Fax: (415) 703-1234
  E-mail: Amy.Lo@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN KENSINGER,<br><br>                        Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>                       Defendants. | C 11-00885<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 2: TO EXCLUDE EVIDENCE OF THE CUSTOMS, POLICIES AND PRACTICES OF THE CALIFORNIA HIGHWAY PATROL RELATING TO EXCESSIVE FORCE AND/OR UNREASONABLE SEARCHES AND/OR SEIZURE**<br><br>Trial Date: June 25, 2012<br>Courtroom: 8 (19th Floor)<br>Judge: Honorable William Alsup |

## PRELIMINARY STATEMENT

When Plaintiff filed this case in February 24, 2011, he asserted a single cause of action against the California Highway Patrol ("CHP"). On April 14, 2011, the CHP filed a Motion to Dismiss based on the Eleventh Amendment to the U.S. Constitution. The motion was resolved when counsel stipulated to the dismissal of the CHP from this action on June 2, 2011.

By this motion in limine, Defendants Paul Craft and Jeffrey Goodwin seek an order from this Court precluding any offer of evidence, whether testimonial or by way of documents, or making any argument that "the violation of [Plaintiff's] constitutional rights was caused as a result of the customs, policies, and/or practices of" the CHP (Compl. at 7:19-20), on the grounds

1

1  that such evidence is irrelevant. Fed. R. Evid. 401, 402.

## ANALYSIS

Not only does the Eleventh Amendment bar an action against the CHP in federal court, it is well-established that there is no such thing as vicarious liability under 42 U.S.C. § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Even when only individual officers are named as defendants, "[u]nder Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." *Hansen v. Black*, 995 F.2d 642, 646 (9th Cir. 1989).

In this case, Plaintiff asserted several factual allegations against the CHP that are irrelevant to plaintiff's claims against defendants Craft and Goodwin for excessive force. For example, Plaintiff alleged that the CHP "failed to take any or appropriate remedial action to prevent ongoing violations of the rights of citizens [by CHP officers] involving unreasonable seizures and the use of excessive and unjustified force in violation of the constitutional rights of citizens." *See* Compl. at 8:5-8. In the context of Plaintiff's excessive force claim against defendants Craft and Goodwin, the actions of other officers in other circumstances – whether presented as separate incidents or as a compilation of data (both of which may be objectionable as hearsay under Federal Rules of Evidence 802) – would not tend "to make a fact more or less probable than it would be without such evidence." Fed. R. Evid. 401(a).

In addition, Plaintiff alleged that prior to the incident, the CHP "knew and/or should have reasonably known that [defendants Craft and Goodwin] required additional and/or different training, supervision and/or discipline in unreasonable seizures and the use of excessive and unjustified force in violation of the constitutional rights of citizens." (Compl. at 8:10-14). A claim for inadequate training will not lie against the defendant officers themselves. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989) (recognizing liability against a <u>municipality</u> for inadequate training or supervision of police officers). That Defendants could have received additional or different training, supervision, and/or discipline is irrelevant for determining the issue posed in this case: whether given the facts and circumstances of the particular case the defendant's use of force was objectively unreasonable, as "judged from the perspective of a

reasonable officer on the scene, rather than with 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396-97 (1989).

Lastly, even if this Court finds that such evidence is marginally relevant to Plaintiff's claims, this Court should also find that the probative value of any evidence of misconduct by other officers as well as their common employer's allegedly inadequate or inappropriate response to such misconduct, "is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## CONCLUSION

For the reasons set forth above, Defendants seek an order from this Court precluding any evidence of or argument as to the misconduct of other officers; the response of the CHP to the alleged misconduct of other officers; the allegedly inappropriate or inadequate training that CHP provides to its officers, including but not limited to defendants; and as to any customs, policies, and/or practices of the CHP that Plaintiff contends caused the violation of his constitutional rights.

Dated: May 29, 2012

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
JOHN P. DEVINE
Supervising Deputy Attorney General


    /s/ AMY W. LO
AMY W. LO
Deputy Attorney General
*Attorneys for Defendants*

## DECLARATION OF SERVICE BY FACSIMILE

Case Name:   **Sean Kensinger v. CHP et.al.**

No.:   **C 11-00885**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business. My facsimile machine telephone number is (415) 703-5480.

On May 29, 2012 at <u>4:45 PM</u>., I served the attached **DEFENDANTS' MOTION IN LIMINE NO. 2: TO EXCLUDE EVIDENCE OF THE CUSTOMS, POLICIES AND PRACTICES OF THE CALIFORNIA HIGHWAY PATROL RELATING TO EXCESSIVE FORCE AND/OR UNREASONABLE SEARCHES AND/OR SEIZURE** by transmitting a true copy by facsimile machine, pursuant to California Rules of Court, rule 2.306. The facsimile machine I used complied with Rule 2.306, and no error was reported by the machine.

James Y. Higa
HIGA & GIPSON, LLP
55 New Montgomery Street, Suite 510
San Francisco, CA 94105
**Fax: (415) 692-6522**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on May 29, 2012, at San Francisco, California.

|                Nancy Quach                | _/s/ Nancy Quach_ |
|---|---|
|                 Declarant                 |       Signature   |

OK2011900202
40549352.doc

James Y. Higa, State Bar No. 225683
Ronnie R. Gipson Jr., State Bar No. 237673
HIGA & GIPSON, LLP
55 New Montgomery Street, Suite 510
San Francisco, California 94105
Telephone:   (415) 692-6520
Facsimile:    (415) 692-6522
gipson@higagipsonllp.com

Attorneys for Plaintiff SEAN KENSINGER

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN KENSINGER,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, PAUL CRAFT, AND J. GOODWIN, and DOES 1-20 inclusive,<br><br>Defendants | No. CV 11-00885 WHA<br><br>**PLAINTIFF SEAN KENSINGER'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF CUSTOMS, POLICIES, AND PRACTICES OF THE CALIFORNIA HIGHWAY PATROL RELATING TO EXCESSIVE FORCE**<br><br>Date:<br>Time:<br>Dept.: |

## I.   INTRODUCTION

Plaintiff Kensinger submits the following opposition to Defendant's Motion in Limine No. 2 to exclude evidence of the customs, policies, and practices of the California Highway Patrol ("CHP") relating to excessive force. Defendant Craft seeks to exclude reference to the following: (i) misconduct of other CHP officers; (ii) the response of the CHP to the alleged misconduct of other officers; (iii) the allegedly inappropriate or inadequate training that CHP provides to its officers; and (iv) any customs, policies, and or practices of the CHP that Plaintiff contends caused the violation of his constitutional rights. In response to this argument, Plaintiff Kensinger does not oppose the exclusion of references by argument or introduction of evidence

with respect to subparts (i) – (iii). However, Plaintiff Kensinger opposes subpart (iv) the exclusion of argument or evidence pertaining to the customs, policies, and or practices of the CHP on the basis that these items are relevant and necessary for the determination of factual issues to be presented before the jury per Federal Rules of Evidence Rule 402.

## II. ANALYSIS

A. **Defendant Officer Craft's Credibility Is At Issue in This Case. Whether or Not Defendant Craft Conformed His Actions to CHP Customs, Policies, and Practices When He Failed to Document the Application of Any Force Against Plaintiff Kensinger During the Arrest is Relevant to the Issues of His Credibility.**

"All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme court pursuant to statutory authority. Evidence which is not relevant is not admissible." Fed. R. Evid. 402 (WEST 2012). Relevant evidence consists of "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Millenkamp v. Davisco Foods Intern., Inc.*, 562 F.3d 971, 980 (9th Cir. 2009). Conversely, "[e]vidence is considered irrelevant if it fails to make any fact of consequence more or less probable." *McKinney v. Rees*, 993 F.2d 1378, 1380 (9th Cir. 1993).

The jury is tasked to decide whether or not Defendant Craft acted in good faith and without malice in the application of force during the arrest of Plaintiff Sean Kensinger. Plaintiff contends and intends to prove that Defendant Craft's actions subsequent to the arrest deviated from CHP customs, procedures, and practices when he failed to document the application of any force against Plaintiff Kensinger in the accompanying arrest report. Plaintiff Kensinger will argue that the failure to document any force used by Defendant Craft was a calculated decision to hide the excessive force that resulted, which violated Plaintiff Kensinger's 4th Amendment rights. The credibility of Defendant Craft is at issue in this case. In assessing Defendant Craft's credibility, the jury must be presented with the applicable customs, practices, and policies of the CHP upon which to judge Defendant Craft's actions and credibility.

### III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny Defendant Craft's Motion in Limine No. 2 in part to exclude evidence or argument pertaining to the customs, practices, and policies of the CHP.

DATED: June 6, 2012                    HIGA & GIPSON, LLP


By _____
RONNIE R. GIPSON JR.
Attorneys for Plaintiff
SEAN KENSINGER