KAMALA D. HARRIS
Attorney General of California
JOHN P. DEVINE
Supervising Deputy Attorney General
AMY W. LO (SBN 194308)
HARRY T. GOWER, III (SBN 170784)
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5524
  Fax: (415) 703-1234
  E-mail: Amy.Lo@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN KENSINGER,<br><br>               Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>               Defendants. | C 11-00885<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 3: TO EXCLUDE EVIDENCE OF AND ARGUMENT ABOUT DEFENDANTS' ALLEGED FAILURE TO DOCUMENT USE OF FORCE**<br><br>Trial Date: June 25, 2012<br>Courtroom: 8 (19th Floor)<br>Judge: Honorable William Alsup |

## PRELIMINARY STATEMENT

This lawsuit for excessive force and related state law claims arises from Plaintiff's detention and arrest for violation of California Vehicle Code Section 23152 (driving under the influence) in Eureka, California on December 5, 2009. Plaintiff claims that an officer struck him at least twice on his left arm with a baton and then after plaintiff fell to the ground, the officer kicked him on the right side of his torso. The causes of action set forth in Plaintiff's Complaint assert that either one or both defendants used excessive force against Plaintiff.

During discovery, however, Plaintiff sought responses relating to Defendants' alleged failure to document any use of force against Plaintiff. If such a claim were asserted in the Complaint itself, Defendants clearly would have moved to strike those allegations or would have

1

moved for summary judgment as to any such claim. However, because Plaintiff's claim of failure to document was never expressly stated, Defendants have never had an opportunity to challenge the validity of that claim. The purpose of this motion in limine is to exclude any evidence of or argument that either defendant failed to properly document any use of force as to Plaintiff.

## ANALYSIS

During discovery, Defendants provided to Plaintiff "[a]ny and all DOCUMENTS evidencing any and all policies of your employer, California Highway Patrol, requiring documentation of YOUR use of physical force while on duty as a California Highway Patrol officer." See Def. Goodwin's Resp. to Pl.'s Req. for Prod. Of Docs, Set One, Resp. to Req. for Prod. No. 1 (citing CHP-0001 to CHP-0026). In addition, Defendants expressly raised the privilege for attorney-client communications as well as work product protection as reasons for not producing some documents sought by plaintiff. See, i.d., at Resp. to Req. for Prod. No. 3, at 4:20-5:3. Plaintiff has never challenged these assertions of privilege.

As an initial matter, Plaintiff failed to assert any basis upon which defendants Craft or Goodwin could be held liable to Plaintiff for any failure to document their use of force, whether excessive or not. Plaintiff failed to identify any constitutional right that was violated by Defendants' alleged failure to document their use of force. Nor has Plaintiff identified any statute that was violated by Defendants' alleged failure to document their use of force. Neither has Plaintiff identified any causal connection between the Defendants' alleged failure to document and the injuries that Plaintiff asserts in this action. Under these circumstances, Defendants' liability cannot be based on their alleged failure to document their use of force, as distinguished from the actual use of force itself.

Moreover, Defendants' alleged failure to document their use of force against Plaintiff is not relevant to Plaintiff's claim against Defendants for the use of excessive force. Plaintiff's evidence or argument that Defendants failed to document their use of force against him – except for what is obviously set forth in the arrest reports – does not have "any tendency to make a fact more or less probable than it would be without the evidence . . . ." Fed. R. Evid. 401(a). The evidence does not make the use of excessive force any more or less probable.

Lastly, even if this Court finds that such evidence is marginally relevant to Plaintiff's claims, this Court should also find that the probative value of Plaintiff's evidence or argument that there was an alleged failure to document Defendants' use of force, "is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Defendants will inevitably be forced to meet Plaintiff's claims by showing that the use of force, if any, was adequately documented – as shown in the arrest reports and other documents. The Court can avoid this entire sideshow by granting this motion in limine.

## CONCLUSION

For the reasons set forth above, Defendants seek an order from this Court precluding any evidence of or argument as to Defendants' alleged failure to document their use of force, if any, against Plaintiff or his companions.

Dated: May 29, 2012

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
JOHN P. DEVINE
Supervising Deputy Attorney General

/s/ AMY W. LO
AMY W. LO
Deputy Attorney General
*Attorneys for Defendants*

## DECLARATION OF SERVICE BY FACSIMILE

Case Name:    **Sean Kensinger v. CHP et.al.**

No.:    **C 11-00885**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business. My facsimile machine telephone number is (415) 703-5480.

On May 29, 2012 at <u>4:44 PM</u>., I served the attached **DEFENDANTS' MOTION IN LIMINE NO. 3:** **TO EXCLUDE EVIDENCE OF AND ARGUMENT ABOUT DEFENDANTS' ALLEGED FAILURE TO DOCUMENT USE OF FORCE** by transmitting a true copy by facsimile machine, pursuant to California Rules of Court, rule 2.306. The facsimile machine I used complied with Rule 2.306, and no error was reported by the machine.

James Y. Higa
HIGA & GIPSON, LLP
55 New Montgomery Street, Suite 510
San Francisco, CA 94105
**Fax: (415) 692-6522**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on May 29, 2012, at San Francisco, California.

         Nancy Quach                              *[signature]*
          Declarant                                Signature

OK2011900202
40549352.doc

Ronnie R. Gipson Jr., SBN 237673
James Y. Higa, SBN 225683
HIGA & GIPSON, LLP
55 New Montgomery Street Suite 510
San Francisco, California 94105
Tel: (415) 692-6520
Fax: (415) 692-6522

Attorneys for Plaintiff
SEAN KENSINGER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN KENSINGER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>　　　　Defendants. | No. CV 11-00885 WHA<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>JUDGE WILLIAM H. ALSUP<br><br>PLAINTIFF SEAN KENSINGER'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF AND ARGUMENT ABOUT DEFENDANTS' ALLEGED FAILURE TO DOCUMENT USE OF FORCE<br><br>Trial Date:　June 25, 2012<br>Time:<br>Department:<br><br>Complaint Filed: |

### I.　INTRODUCTION

In the above-captioned matter, Plaintiff SEAN KENSINGER ("Plaintiff") alleges the brutal use of excessive force during a police investigation and arrest conducted by Defendant California Highway Patrol officer PAUL CRAFT ("Defendant Craft"). Defendant brings this Motion in Limine to exclude any and all evidence or argument that Defendant Craft failed to properly document *any* use of force against Plaintiff. For the reasons set forth below, Plaintiff contends such evidence is relevant pursuant to the authority set forth in Fed. R. Evid. 401 and 403 as evidence which is probative of the ultimate fact of whether or not Defendant Craft

1

PL.'S OPP. TO DEFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVID. OF AND　　NO. CV 11-00885 WHA
ARGUMENT ABOUT DEFS' FAILURE TO DOCUMENT USE OF FORCE

1  deprived Plaintiff's rights by deploying the use of excessive force during his investigation and
2  arrest.

## II.   ANALYSIS

### A.   Evidence of Defendant's Failure to Document Any Use of Force Against Plaintiff Whatsoever is Relevant to the Issues in the Case at Bar.

"All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Fed. R. Evid. 402.  Relevant evidence consists of "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Millenkamp v. Davisco Foods Intern., Inc.*, 562 F.3d 971, 980 (9th Cir. 2009).  Conversely, "[e]vidence is considered irrelevant if it fails to make any fact of consequence more or less probable." *McKinney v. Rees*, 993 F.2d 1378, 1380 (9th Cir. 1993)

In the instant case, Plaintiff has asserted claims of excessive force deployed by Defendants Craft during the course of his detention and arrest.  During discovery, Plaintiff furnished both testimonial and documentary evidence supporting his excessive force claims—claims which have been further supported by the deposition testimony of percipient witnesses. In the face of such evidentiary support, Defendant Craft failed to produce any documentation whatsoever that contact of *any* kind—excessive or otherwise—occurred during Plaintiff's detention and arrest.  This is not consistent with the available evidence supporting Plaintiff's allegations and injuries.  Accordingly, evidence that Defendant Craft failed to document the use of any force whatsoever, and the reasons Defendant Craft failed to do so, is relevant and probative in determining the ultimate fact of whether or not excessive force is more or less probable to have occurred.  Such evidence is also relevant and necessary to evaluate Defendant Craft's credibility to the extent that his failure to report any contact with Plaintiff whatsoever contradicts the weight of the available evidence.

///

2

PL.'S OPP. TO DEFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVID. OF AND   NO. CV 11-00885 WHA
ARGUMENT ABOUT DEFS' FAILURE TO DOCUMENT USE OF FORCE

B.  **Evidence of Defendant Craft's Failure to Document Any Use of Force Against Plaintiff Is Not More Prejudicial than Probative and Will Not Confuse Issues or Mislead Jurors.**

Fed. R. Evid. 403 allows the Court to exclude relevant evidence where there is a substantial danger that the probative value will be outweighed by the danger of unfair prejudice, confusions of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *See Old Chief v. United States*, 519 U.S. 172, 180-92 91997); *United States v. Allen*, 341 F.3d 870, 886 (9th Cir. 2003); *United States v. Batts*, 573 F.2d 599, 603 (9th Cir. 1978).

The evidence that Defendant Craft failed to document any contact whatsoever with Plaintiff does not implicate any of the concerns as set forth in Fed. R. Evid. 403. The probative value far outweighs the potential for prejudice because the jurors will be required to reconcile how Plaintiff could sustain the injuries he did in the face of Defendant Craft's abject failure to acknowledge through proper documentation that any contact occurred at all during the subject incident. Such evidence is necessary to the trier of fact to evaluate both the factual narrative in the case and Defendant Craft's credibility. Moreover, such testimony is not cumulative, not confusing and will not require an inordinate amount of trial time to elicit.

### III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny Defendant Craft's Motion in Limine No. 3 to exclude evidence and argument about Defendants' alleged failure to document use of force.

DATED: June 8, 2012

By _____
Attorneys for Defendant
SEAN KENSINGER