IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SEAN KENSINGER,

    Plaintiff,

  v.

PAUL CRAFT, individually and in his capacity as an officer for the California Highway Patrol,

    Defendant.
                                   /

No. C 11-00885 WHA

**OMNIBUS ORDER ON MOTIONS IN LIMINE**

       The pretrial conference in this action was heard on June 18, 2012. In advance of that conference, the parties submitted motions in limine, which are addressed below.

**DEFENDANT'S MOTION IN LIMINE NUMBER ONE (TO EXCLUDE EVIDENCE OF THE RESULTS OF PLAINTIFF'S CRIMINAL TRIAL).**

      Defendant's motion in limine number one is **GRANTED**. Defendant seeks to exclude pursuant to FRE 402 and 403 the results of plaintiff's criminal prosecution for driving under the influence of alcohol. Plaintiff's criminal trial resulted in a hung jury and he subsequently pled no contest to reckless driving. Now, plaintiff argues that these results are relevant because our jury will wonder what came of plaintiff's arrest and may assume that he was found guilty. This concern can be alleviated by a jury instruction that the outcome of plaintiff's arrest is irrelevant to the issue of this case and the jury should not speculate as to what happened. An important caveat, if defendant opens the door by raising post-arrest events to leave a false impression that plaintiff was criminally guilty of a DUI, then plaintiff may respond by showing that the criminal trial ended in a hung jury.

**DEFENDANT'S MOTION IN LIMINE NUMBER THREE (TO EXCLUDE EVIDENCE OF DEFENDANT'S ALLEGED FAILURE TO DOCUMENT USE OF FORCE).**

Defendant's motion in limine number three is **DENIED**. Defendant seeks to exclude evidence and argument that defendant Officer Paul Craft failed to properly document any use of force during the arrest. Whether Officer Craft used force during the arrest is at the heart of the dispute between the parties. Plaintiff alleges that he was injured by Officer Craft's beating while Officer Craft asserts that he only had light physical contact with plaintiff. Officer Craft's alleged failure to document use of force is probative of whether force was used.

**DEFENDANT'S MOTION IN LIMINE NUMBER TWO (TO EXCLUDE EVIDENCE OF THE CUSTOMS, POLICIES AND PRACTICES OF THE CALIFORNIA HIGHWAY PATROL).**

Defendant's motion in limine number two is **GRANTED IN PART** and **DENIED IN PART**. Defendant seeks to exclude evidence and argument that excessive force resulted from the customs, policies, and practices of the California Highway Patrol, which is not a named defendant in this action anymore. In response, plaintiff agrees to exclude evidence of "(i) misconduct of other CHP officers; (ii) the response of the CHP to the alleged misconduct of other officers; [and] (iii) the allegedly inappropriate or inadequate training that CHP provides to its officers" (Opp 1). However, plaintiff argues that whether Officer Craft conformed his actions to CHP custom, policies, and practice when he allegedly failed to document the use of force is relevant. For the reasons stated, this order agrees and holds that defendant's motion in limine is denied for evidence regarding CHP custom, policies, and practice of documenting the use of force.

**PLAINTIFF'S MOTION IN LIMINE NUMBER ONE (TO EXCLUDE DR. DOUGLAS TUCKER'S TESTIMONY ON PLAINTIFF'S ALLEGED USE OF MARIJUANA).**

Plaintiff's motion in limine number one is **DENIED WITHOUT PREJUDICE**. Plaintiff seeks to exclude pursuant to FRE 402 and 403 testimony by defendant's expert, Dr. Douglas Tucker, on whether plaintiff's alleged history of marijuana use has impaired his psychological and cognitive capacities. Plaintiff argues that Dr. Tucker's testimony would be unnecessarily cumulative because defendant's *other* expert, Dr. Emily Keram, will likely discuss plaintiff's cognitive abilities in her testimony regarding plaintiff's mental health and emotional distress.

2

Plaintiff's motion is denied without prejudice because it is yet unclear to what extent Dr. Keram's testimony will discuss plaintiff's cognitive abilities, and how to what extent Dr. Tucker's testimony will overlap. Plaintiff may re-raise its objection if Dr. Tucker's testimony at trial becomes unduly repetitive. Plaintiff's contention that expert testimony regarding marijuana use is irrelevant is rejected. If defendant lays a proper foundation at trial that plaintiff used marijuana before the incident, then defendant's expert can properly testify as to the effect of that use on plaintiff's cognitive abilities.

**CONCLUSION**

Two caveats: Any denial above does not mean that the evidence at issue in the motion is admitted into evidence — it must still be moved into evidence, subject to other possible objections, at trial. And, a grant of a motion in limine does not exclude the evidence under any and all circumstances; the beneficiary of a grant may open the door to the disputed evidence, for example.

**IT IS SO ORDERED.**

Dated: June 15, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE