IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SEAN KENSINGER,

    Plaintiff,

v.

PAUL CRAFT, individually and in his capacity as an officer for the California Highway Patrol,

    Defendant.

                                     /

No. C 11-00885 WHA

**COURT'S PROPOSED CHARGE TO THE JURY**

**[AND SPECIAL VERDICT FORM]**

Appended hereto are copies of the draft charge to the jury and special verdict form given to both sides on **June 26, 2012**, for discussion with the Court at the charging conference on **June 27, 2012** at **7:30 a.m.** Although counsel have filed numerous waves of overlapping and even contradictory proposed instructions in the past, the proposed charge is based on the way the trial has actually developed, taking into account issues that have emerged and receded and concessions by counsel. Subject to the upcoming charging conference, the Court believes the proposed charge adequately and fairly covers all issues actually still in play. Therefore, in order to give the district judge a fair opportunity to correct any error as matters now stand, counsel must, at the charging conference, bring to the judge's attention any addition, subtraction or modification or other objections or proposal for the jury instructions. Otherwise, all such points shall be deemed waived and it will not be sufficient merely to argue after the verdict that a

1  proposed instruction filed earlier in the proceedings somehow fell by the wayside.  Rather, any
2  such proposal that counsel still cares about must be raised anew at the charging conference.
3  The charging conference shall be conducted so as to give full and fair opportunity for counsel to
4  raise any and all objections and proposals.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SEAN KENSINGER,

    Plaintiff,

v.

PAUL CRAFT, individually and in his capacity as an officer for the California Highway Patrol,

    Defendant.

No. C 11-00885 WHA

**[DRAFT]**
**FINAL CHARGE TO THE JURY**
**AND SPECIAL VERDICT FORM**

1.

Members of the jury, it is now my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult as necessary.

It is your duty to find the facts from all the evidence and to decide whether the side with the burden of proof has carried that burden, applying the elements of proof required by the law, elements I will provide you in a moment. In following my instructions, you must follow all of them and not single out some and ignore others. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

2.

The evidence from which you are to decide what the facts are consists of:
1. The sworn testimony of witnesses, whether presented in person or by depositions;
2. The exhibits received into evidence; and
3. Any stipulated facts.

3.

Certain things, however, are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:
1. Arguments, statements and objections by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence itself. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.
2. A suggestion in a question by counsel or the Court is not evidence unless it is adopted by the answer. A question by itself is not evidence. Consider it only to the extent it is adopted by the answer.

3. Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the Court was not in session is not evidence.

4.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard, or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

5.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it or none of it. In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;
2. The quality of the witness' memory;
3. The witness' manner while testifying;
4. The witness' interest in the outcome of the case and any bias or prejudice;

5

  5.  Whether other evidence contradicted the witness' testimony;

  6.  The reasonableness of the witness' testimony in light of all the evidence; and

  7.  Any other factors that bear on believability.

6.

You are not required to decide any issue according to the testimony of a number of witnesses, which does not convince you, as against the testimony of a smaller number or other evidence, which is more convincing to you. The testimony of one witness worthy of belief is sufficient to prove any fact. This does not mean that you are free to disregard the testimony of any witness merely from caprice or prejudice, or from a desire to favor either side. It does mean that you must not decide anything by simply counting the number of witnesses who have testified on the opposing sides. The test is not the number of witnesses but the convincing force of the evidence. You should base your decision on all of the evidence regardless of which party presented it.

7.

You have heard testimony from witnesses referred to as "expert witnesses." These are persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case. If an expert witness was not present at the events in question, his or her opinion is necessarily based on an assumed set of circumstances. In evaluating the opinion during the trial, you should take into account the extent to which you do agree or do not agree with the circumstances assumed by the expert witness.

8.

A witness may be discredited or impeached by contradictory evidence or by evidence that, at some other time, the witness has said or done something or has failed to say or do something that is inconsistent with the witness' present testimony. If you believe any witness

has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

9.

Discrepancies in a witness' testimony or between a witness' testimony and that of other witnesses do not necessarily mean that such witness should be discredited. Inability to recall and innocent misrecollection are common. Two persons witnessing an incident or a transaction sometimes will see or hear it differently. Whether a discrepancy pertains to an important matter or only to something trivial should be considered by you.

However, a witness willfully false in one part of his or her testimony is to be distrusted in others. You may reject the entire testimony of a witness who willfully has testified falsely on a material point, unless, from all the evidence, you believe that the probability of truth favors his or her testimony in other particulars.

10.

In determining what inferences to draw from evidence you may consider, among other things, a party's failure to explain or deny such evidence.

11.

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

12.

Now I will address the burden of proof. In this case, the preponderance of the evidence standard applies on all sides, so whoever has the burden of proof on an issue must carry that issue by a preponderance of the evidence. When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. To put it differently, if you were to put the evidence favoring a plaintiff and the evidence favoring a defendant on opposite sides of a scale, the party

7

1  with the burden of proof on the issue would have to make the scale tip somewhat toward its
2  side. If the party fails to meet this burden, then the party with the burden of proof loses on the
3  issue. Preponderance of the evidence basically means "more likely than not."

13.

5  On any claim, if you find that the plaintiff carried his burden of proof as to each element
6  of a particular claim, your verdict should be for the plaintiff on that claim. If you find that the
7  plaintiff did not carry his burden of proof as to each element, you must find against the plaintiff
8  on that claim. This same principle also supplies to the defendant on issues for which he has the
9  burden of proof.

14.

11  I will now turn to the law that applies to this case. Plaintiff Sean Kensinger alleges a
12  claim against defendant Officer Paul Craft under the federal civil rights act. Section 1983 of
13  Title 42 of the United States Code allows individuals to sue for violations of rights protected
14  under the United States Constitution. To establish a Section 1983 claim, the plaintiff has the
15  burden to prove all of the following elements by a preponderance of the evidence against the
16  defendant:

17  1.  The defendant acted under color of state law, and,
18  2.  The acts of the defendant caused a deprivation of the plaintiff's rights
19      under the United States Constitution.

15.

21  Each element will now be explained more fully. *First*, acts are done under color of state
22  law when a person acts or purports to act in the performance of official duties under any state,
23  county or municipal law, ordinance or regulation. The parties have stipulated that the defendant
24  acted under color of state law. So you need not worry over this element.

16.

26  *Second*, the plaintiff must show that the defendant's conduct "caused" a violation of his
27  rights under the United States Constitution. A "cause" of injury is something that is a
28  substantial factor in bringing about the injury. A substantial factor in causing harm is a factor

8

that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of harm.

17.

The plaintiff claims that the defendant deprived him of his Fourth Amendment rights. The Fourth Amendment, which is part of the Constitution, provides in relevant part, "The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated." The Fourth Amendment allows police officers to use physical force so long as, in light of all the facts and circumstances perceived by them, they reasonably believe that the force used is needed to protect themselves or members of the public or to prevent a crime. Force is excessive when no officer could reasonably believe that it was necessary to protect themselves or members of the public or to prevent a crime. In deciding whether excessive force was used, you should consider the totality of the circumstances perceived by the officer at the time. The reasonableness of a particular use of force must be judged from the information known to the officer at the time and at the scene, rather than with the benefit of hindsight. Police officers are not necessarily required to use the least intrusive force so long as the force they use is within reason, based on the facts and circumstances perceived by the officer.

Whether force is reasonably necessary or excessive is measured by the force a reasonable and prudent law enforcement officer would have used under the circumstances. Some of the things you may want to consider in determining whether the officers used excessive force in this case are:

1. The severity of the crime or other circumstances to which the officers were responding,

2. Whether the plaintiff posed an immediate threat to the safety of the officers or to others,

3. Whether the plaintiff was actively resisting or refusing to obey a lawful police order,

4. How quickly the officer had to decide on the type and amount of force,

9

        5.       The type and amount of force used,

        6.       The availability of alternative less intrusive methods to subdue the plaintiff.

The use of a police baton is a use of force. Placing someone against a police car is use of force. Whether any of these methods were used in an excessive manner is for you to decide.

18.

It is a crime to willfully resist, delay or obstruct any public officer, or peace officer, in the discharge or attempt to discharge any duty of his or her office or employment. It is also a crime to commit a battery against the person of a peace officer engaged in the performance of his duties. Battery is any willful and unlawful use of force or violence upon the person of another. It is also unlawful to attempt, by means of any threat or violence, to deter or prevent a peace officer from performing any duty imposed upon such officer by law, or knowingly resist, by the use of force or violence, such officer, in the performance of his or her duty.

A police officer who makes or attempts to make an arrest or detention does not need to retreat or desist from his or her efforts by reason of the resistance or threatened resistance of the person being arrested or detained, nor shall such officer be deemed an aggressor or lose his or her right to self-defense by the use of reasonable force to effect the arrest or detention or to prevent escape or to overcome resistance. The law entitles an arresting or detaining police officer, who has reasonable cause to believe that the person to be arrested or detained has committed an offense, to use reasonable force to effect the arrest, to prevent escape or to overcome resistance.

19.

Facts learned only after the fact cannot be used to justify police conduct. On the other hand, information known to the officer and the information observed by the officer at the scene were all facts and circumstances on which the officer was entitled to act. The question for you is whether the facts and circumstances facing the officer justified the officer's decision to use force. Information learned after the fact can be considered by you only for determining credibility of witnesses.

20.

You have heard mention of the plaintiff's criminal trial for driving under the influence. The outcome of the DUI trial has no relevance to whether the facts and circumstances facing the defendant justified his alleged use of force. You should not speculate on the outcome of the plaintiff's DUI trial. Similarly, you have heard evidence regarding how the plaintiff was treated at the police station after his arrest. The sole defendant in this lawsuit, Officer Paul Craft, was not at the police station with the plaintiff. Therefore, the subsequent events at the police station have no relevance to the issue of whether the defendant used excessive force during the arrest.

21.

You have heard evidence regarding whether *Miranda* rights were read to the plaintiff. You are advised that this has no relevance to this lawsuit. The *Miranda* rule applies only in criminal cases to make sure any statement made at the scene by a criminal defendant is voluntary. That is not an issue in a civil case, such as this case. Your deliberations should not be influenced by whether or not *Miranda* warnings were given in this case.

22.

You have heard evidence that plaintiff's companion, Mr. Geronimo Gardner, was tasered during the incident. You are advised that the plaintiff has no claim for any injury to his companions. The plaintiff's claims are limited to his own injuries, if any, proven against Officer Craft.

23.

Although good practice and procedure may call for police reports to be reasonably accurate, there is no constitutional requirement that police reports be accurate or even require reports in the first place. Therefore, you may not impose liability on anyone merely for preparing an inaccurate report, assuming you were to find them false or inaccurate in the first place. If you find such an item to have been knowingly false, however, you may consider it in evaluating the credibility of any officer responsible for any false statement.

24.

The plaintiff also claims that the defendant intentionally caused him to suffer emotional distress. To establish this claim, the plaintiff must prove all of the following:

1. That the defendant's conduct was outrageous;
2. That the defendant intended to cause the plaintiff emotional distress; or that the defendant acted with reckless disregard of the probability that the plaintiff would suffer emotional distress;
3. That the plaintiff suffered severe emotional distress; and
4. That the defendant's conduct was a substantial factor in causing the plaintiff's emotional distress.

25.

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency. Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community. Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure. In deciding whether the defendant's conduct was outrageous, you may consider, among other factors, the following:

1. Whether the defendant abused a position of authority or a relationship that gave him real or apparent power to affect the plaintiff's interests;
2. Whether the defendant knew that the plaintiff was particularly vulnerable to emotional distress; and
3. Whether the defendant knew that this conduct would likely result in harm due to mental distress.

26.

The defendant acted with reckless disregard to causing the plaintiff emotional distress if:

1. The defendant knew that emotional distress would probably result from his conduct; or
2. The defendant gave little or no thought to the probable effects of his conduct.

27.

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

"Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it.  The plaintiff is not required to prove physical injury to recover damages for severe emotional distress.

28.

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.  The party seeking damages has the burden of proving damages by a preponderance of the evidence.

29.

You are not permitted to include speculative damages, which means compensation for future loss or harm which, although possible, is conjectural or not reasonably certain.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.  However, if you determine that a party is entitled to recover, you should compensate a party for the loss or harm caused by the injury in question which the evidence shows is reasonably certain to be suffered in the future.

30.

Any award for future economic damages must be for the present cash value of those damages.  Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.

31.

If you award damages on multiple claims, you must indicate the total damages to eliminate any overlapping damages and to prevent double counting.

32.

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. The defendant has the burden of proving by a preponderance of the evidence:

    1.    That the plaintiff failed to use reasonable efforts to mitigate damages; and

    2.    The amount by which damages would have been mitigated.

33.

If you find for plaintiff on any claim, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter a defendant and others from committing similar acts in the future. The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that the defendant's conduct was malicious, oppressive, or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety, rights, or if the defendant acts in the face of a perceived risk that his actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

Whether punitive damages should be imposed, and if so, the amount thereof, is left to your sound discretion, exercised without passion or prejudice. If you decide that punitive damages should be awarded, you will have a short supplemental proceeding immediately following your verdict in order to receive more evidence and argument as to the amount that should be awarded.

### 34.

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict as to each claim and as to damages, if any, must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

I will give you a special verdict form to guide your deliberations. Although the special verdict form analyzes the questions in numerical order, you may consider the questions out of sequence so long as your answers conform to the directions on the form concerning which questions you must ultimately answer and which are only conditional depending on your other answers.

### 35.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

### 36.

When you retire to the jury room to deliberate, you will soon receive the following things:

1. All of the exhibits received into evidence;
2. A work copy of these jury instructions for each of you;
3. A work copy of the verdict form for each of you; and
4. An official verdict form.

15

1   Remember that none of these items are evidence except the exhibits.

2   When you recess at the end of a day, please place your work materials in the brown
3   envelope provided and cover up any easels with your work notes so that if my staff needs to go
4   into the jury room, they will not even inadvertently see any of your work in progress.

37.

6   In your deliberations, it is usually premature to take a straw vote early on. This is due to
7   the risk of jury members expressing a premature opinion and then, out of pride, digging in their
8   heels. Rather it is usually better to discuss the evidence, pro and con, on the various issues
9   before proceeding to take even a straw vote. In this way, all the viewpoints will be on the table
10  before anyone expresses a vote. These are merely recommendations, however, and it is entirely
11  up to you to decide on how you wish to deliberate.

38.

13  A United States Marshal will be outside the jury-room door during your deliberations.
14  If it becomes necessary during your deliberations to communicate with me, you may send a note
15  through the Marshal, signed by your foreperson or by one or more members of the jury. No
16  member of the jury should ever attempt to communicate with me except by a signed writing, via
17  the Marshal, and I will respond to the jury concerning the case only in writing or here in open
18  court. If you send out a question, I will consult with the lawyers before answering it, which may
19  take some time. You may continue your deliberations while waiting for the answer to any
20  question. Remember that you are not to tell anyone — including me — how the jury stands,
21  numerically or otherwise, until after you have reached a unanimous verdict or have been
22  discharged. Do not disclose any vote count in any note to the Court.

39.

24  You have been required to be here each day from 7:45 A.M. to 1:00 P.M. Now that you
25  are going to begin your deliberations, however, you are free to modify this schedule within
26  reason. For example, if you wish to continue deliberating in the afternoons after a reasonable
27  lunch break, that is fine. The Court does, however, recommend that you continue to start your

1  deliberations by 8:00 A.M. If you do not reach a verdict by the end of today, then you will
2  resume your deliberations tomorrow and thereafter.
3  It is very important that you let us know via note what hours you will be deliberating so
4  that we may conform our schedule to yours.

### 40.

6  You may only deliberate when all of you are together. This means, for instance, that in
7  the mornings before everyone has arrived or when someone steps out of the jury room to go to
8  the restroom, you may not discuss the case. As well, the admonition that you are not to speak to
9  anyone outside the jury room about this case still applies during your deliberation.

### 41.

11  After you have reached a unanimous agreement on a verdict, your foreperson will fill in,
12  date and sign the verdict form and advise the Court through the Marshal that you have reached a
13  verdict. The foreperson should hold onto the filled-in verdict form and bring it into the
14  courtroom when the jury returns the verdict. Thank you for your careful attention. The case is
15  now in your hands. You may now retire to the jury room and begin your deliberations.

Dated:

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE