IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SEAN KENSINGER,

    Plaintiff,

v.

PAUL CRAFT, individually and in his capacity as an officer for the California Highway Patrol, and JEFFREY GOODWIN, individually and in his capacity as an officer for the California Highway Patrol,

    Defendants.

No. C 11-00885 WHA

**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND SANCTIONS AND VACATING HEARING**

## INTRODUCTION

In this excessive-force action, defendants move for attorney's fees and sanctions. For the reasons stated below, the motion is **DENIED**. The hearing scheduled for September 20, 2012, is **VACATED**.

## STATEMENT

The background facts have been described in a prior order (Dkt. No. 42). This action arises out of plaintiff Sean Kensinger's arrest in December 2009 for driving under the influence. Briefly, Kensinger filed this civil action in February 2011 and alleged that during his arrest, defendants Officer Paul Craft "and/or" Officer Jeffrey Goodwin used excessive force by repeatedly striking and kicking Kensinger.

A June 1 order granted summary judgment as to all claims against Officer Goodwin. Summary judgment was appropriate because Kensinger testified that Officer Goodwin did not hit or kick him. As will be discussed in more detail below, the June 1 order also found that the force that Officer Goodwin used to put Kensinger on the ground was reasonable under the circumstances (Dkt. No. 42).

On June 25, Kensinger's claims against Officer Craft proceeded to trial. The jury returned a verdict in favor of Officer Craft. In this instant motion, defendants Officer Craft and Officer Goodwin seek attorney's fees from Kensinger and sanctions against Kensinger's attorneys.

**ANALYSIS**

Under 42 U.S.C. 1988(b), reasonable attorney's fees may be awarded to the prevailing party in Section 1983 actions. The United States Supreme Court has explained that:

> [w]hen a plaintiff succeeds in remedying a civil rights violation, we have stated, he serves as a private attorney general, vindicating a policy that Congress considered of the highest priority. He therefore should ordinarily recover an attorney's fee from the defendant — the party whose misconduct created the need for legal action. Fee shifting in such a case at once reimburses a plaintiff for what it cost him to vindicate civil rights, and holds to account a violator of federal law.

*Fox v. Vice*, 131 S.Ct. 2205, 2213 (2011) (internal quotation marks omitted). The Supreme Court, however, reasoned that a different standard applies to prevailing defendants because "different equitable considerations" are at stake. Accordingly, awarding attorney's fees to prevailing defendants in civil rights actions "should be permitted 'not routinely, not simply because he succeeds, but only where the action brought is found to be unreasonable, frivolous, meritless or vexatious.'" Post hoc reasoning that concludes that plaintiff's action was frivolous because he did not prevail at trial should be avoided. Hindsight logic is improper because litigation is rarely predictable. "Decisive facts may not emerge until discovery or trial." *Christianburg Garment Co. v. EEOC*, 434 U.S. 418–422 (1977). Moreover, the importance of civil rights suits should not be taken for granted: "[e]ven when unsuccessful, such suits provide an important outlet for resolving grievances in an orderly manner and achieving non-violent

resolutions of highly controversial, and often inflammatory, disputes." *Harris v. Maricopa County Superior Court*, 631 F.3d 963, 971 (9th Cir. 2011).

Additionally, for state-law claims, California law allows officers to recover attorney's fees in certain circumstances. California Code of Civil Procedure Section 1021.7 provides:

> [i]n any action for damages arising out of the performance of a peace officer's duties, brought against a peace officer . . . , the court may, in its discretion, award reasonable attorney's fees to the defendant or defendants as part of the costs . . . [if] the action was not filed or maintained in good faith and with reasonable cause.

The absence of either good faith or reasonable cause is sufficient grounds to award fees and costs. *Salazar v. Upland Police Dept.*, 116 Cal. App. 4th 934, 949 (2004).

Furthermore, attorneys may be sanctioned for improper conduct pursuant to three primary sources of authority: (1) Rule 11; (2) 28 U.S.C. 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings; and (3) the Court's inherent power. *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).

### 1. ATTORNEY'S FEES.

Defendants Officer Craft and Officer Goodwin contend that they both should be awarded attorney's fees. Section 1988(b) awards such fees to defendants when plaintiff's civil rights claim is frivolous, unreasonable, or groundless. California Code of Civil Procedure Section 1021.7 allows fees if the action was filed or maintained without good faith and reasonable cause.

#### A. Officer Craft.

Defendant Officer Craft contends that the lawsuit against him was frivolous, unreasonable, or groundless. This is not so. Post hoc reasoning that concludes that plaintiff's action was frivolous because he did not prevail at trial is not permissible. *Christiansburg,* 434 U.S. at 421–22. While the jury found in favor of Officer Craft, they needed an extra day to do so. Also, it is notable that Officer Craft did not bring a motion for summary judgment to dismiss the claims against him, like Officer Goodwin did. He only sought summary judgment on damages and did not prevail. This suggests that even Officer Craft knew there was enough substance in plaintiff's action to create a *genuine* dispute of material fact.

3

This order finds that plaintiff's own testimony was sufficient such that plaintiff's action was not frivolous, unreasonable or groundless. Defendant's caselaw that suggests otherwise is non-binding and unpersuasive here.

Similarly, Officer Craft's request for fees regarding the state-law claims under California Code of Civil Procedure Section 1021.7 also fails. All plaintiff's state-law claims were based on the alleged excessive force. For the same reasons stated above, plaintiff's state-law claims against Officer Craft were not filed or maintained absent good faith and reasonable cause.

### B. Officer Goodwin.

Defendant Officer Goodwin contends that attorney's fees under Section 1988 should be awarded because plaintiff's own testimony concedes that Officer Goodwin did not hit or kick him. This is true — but only half the story. Officer Goodwin testified that he decided to "put Kensinger on the ground":

> I used the momentum that I had from running out of the patrol car [without him seeing me] to effectively take him off balance and put him on the ground in front of me [using my hands on his shoulders] and he landed on his stomach . . . I utilized my hands to deflect his arms away from me so that he couldn't effectively gain control of me and pull me down on top of him.

(Higa Decl. Exh. D at 83–84). While the June 1 order found that the force used by Officer Goodwin was reasonable under the circumstances, this finding does not mean that the claim was frivolous, unreasonable or groundless. Officer Goodwin's decision to use force first and ask questions later did not merit a jury trial but did provide reasonable grounds to file and maintain a lawsuit against him, at least through discovery.

Kensinger's "Section 1983 and state-law claims were all based on alleged unreasonable, excessive use of force" (Dkt. No. 42). Accordingly, Officer Goodwin's use of force in Kensinger's arrest supports a finding that all plaintiff's claims, Bane Act, assault, battery, intentional infliction of emotional distress, and negligence, were not frivolous, unreasonable or groundless. Thus defendant's California Code of Civil Procedure Section 1021.7 request for attorney's fees also fails. The action was not filed or maintained without good faith and reasonable cause.

4

### 2. ATTORNEY SANCTIONS.

Defendant contends that plaintiff's counsel should be sanctioned pursuant to Rule 11(c)(3), 28 U.S.C. 1927, and the inherent powers of the Court. Given this order's finding that plaintiff's claims against both officers were not frivolous, unreasonable or groundless, this order declines to invoke sanctions under its inherent powers. For the same reasons, this order declines to require plaintiff's counsel to show good cause for why they should not be sanctioned under Rule 11(c)(3).

Defendant's motion for sanctions pursuant to 28 U.S.C. 1927 also fails. Sanctions are appropriate "when an attorney knowingly or recklessly raises a frivolous argument . . . or argues a meritorious claim for the purpose of harassing an opponent." Plaintiff's counsel did not act "recklessly" by bringing this action because plaintiff's claims were not frivolous. Also, plaintiff's counsel did not act in bad faith. They sought to vindicate their client's perceived injuries and nothing more. Accordingly, the motion for sanctions is **DENIED**.

This order need not decide the parties' objections to evidence because this motion's denial is based entirely on evidence already contained in the record prior to this motion. This order in no way questions the verdict as to Officer Craft or the summary judgment ruling as to Officer Goodwin.

### CONCLUSION

For the reasons mentioned above, the motion for attorney's fees and sanctions is **DENIED**. The hearing scheduled for September 20, 2012, is **VACATED**.

**IT IS SO ORDERED.**

Dated: September 17, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5